UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD BRINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 25-cv-02381-DMR<br><br>**ORDER ON MOTIONS TO DISMISS AND DISCOVERY LETTER**<br><br>Re: Dkt. Nos. 39, 40, 47 |

Plaintiff Brad Brinson filed a second amended complaint ("SAC") against Defendants State of California, California Highway Patrol ("CHP"), Officer P. Santiago, Bay Area Phlebotomy and Laboratory Services ("BAPLS"), and Joshua Hammack. [Docket No. 37 (SAC).] On July 15, 2025, BAPLS and Hammack ("Lab Defendants") moved to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docket Nos. 39 (Lab Mot.); 43 (Lab Reply).] On July 21, 2025, the State of California, CHP, and Santiago ("State Defendants") also moved to dismiss the claims.[1] [Docket Nos. 40 (State Mot.); 44 (State Reply).] Brinson filed oppositions. [Docket Nos. 41 (Lab Opp'n); 42 (State Opp'n).] On September 30, 2025, Lab Defendants filed a unilateral discovery letter seeking to compel responses from Brinson. [Docket No. 47.]

This matter is suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons stated below, the court grants both motions to dismiss and denies the motion to compel discovery as moot.

---

[1] Although State Defendants' motion cites both Rule 12(b)(1) and (6), the arguments made in the motion are solely under Rule 12(b)(6).

**I.  BACKGROUND**

**A.  Statement of Facts**

Brinson makes the following allegations in the SAC, all of which are taken as true for purposes of these motions.[2]  On August 28, 2019, CHP Officer Santiago arrested Brinson for driving under the influence.  SAC ¶ 8.  Brinson was unable to take a breathalyzer test, so Santiago told Brinson to submit to a blood test.  *Id.*  ¶¶ 9-10.  Before his blood was drawn, Brinson was presented with a consent form which warned him that if he was taking an anticoagulant, he should not allow his blood to be drawn.  *Id.* ¶ 11.  Brinson explained that he was taking an anticoagulant and attempted to refuse consent, but Santiago threatened Brinson with jail time and losing his driver's license for a year if he refused the blood draw.  *Id.* ¶¶ 11-13.  Brinson was not offered a urine test as an alternative to the blood draw.  *Id.* ¶ 14.

Hammack is a phlebotomist employed by BAPLS who administered the blood test on Brinson.  *Id.* ¶¶ 10, 20.  When Brinson asked Hammack if the blood draw was safe for someone taking anticoagulants, Hammack responded that he did not know.  *Id.* ¶ 16.  Brinson was frightened because the CHP station where he was being held did not have an antidote to reverse the anticoagulant medication, even though such medication "is always available under medically accepted practices."  *Id.* ¶ 17.  Brinson alleges that a person in his medical condition "could bleed out right there in the CHP office from this blood draw or a mistake by the phlebotomist."  *Id.*  Brinson ultimately agreed to have his blood drawn, but "spent the night fearful of uncontrolled bleeding and catastrophic medical consequences."  *Id.* ¶ 18.

The SAC also includes this paragraph: "The statute of limitations has been tolled while the criminal case arising from this incident had been pending in the Superior Court of California, San Francisco City and County, Case No.: 2518300."  *Id.* ¶ 7.

**B.  Procedural History**

Brinson initially filed his complaint and first amended complaint in the Superior Court of

---

[2] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

San Francisco. [Docket No. 1 (Removal Notice).] On March 7, 2025, Lab Defendants removed the case to federal court then moved to dismiss all claims against them. [Docket No. 5.] On May 3, 2025, State Defendants filed an answer to the FAC. [Docket No. 28.] On June 16, 2025, the court granted Lab Defendants' motion to dismiss with leave to amend. [Docket No. 32 (Order on First MTD).] Among other things, the court held that Brinson had failed to plead sufficient facts to show that his claims were timely filed. *Id.* at 10. Brinson filed the SAC on July 7, 2025.

Brinson brings six claims against Defendants: 1) a section 1983 claim brought under the Excessive Force clause of the Fourth Amendment, against all Defendants; 2) a section 1983 claim brought under the Unlawful Search and Seizure clause of the Fourth Amendment, against all Defendants; 3) a section 1983 claim for unconstitutional policies, customs or habits against the State of California, CHP, and BAPLS; 4) a state law battery claim against Hammack; 5) a state law negligence claim against Lab Defendants; and 6) a state law negligent hiring, supervision, and retention claim against BAPLS.

## II.     LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94, and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief," *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

Under Federal Rule of Civil Procedure 15(a), leave to amend should be granted as a matter

1   of course, at least until the defendant files a responsive pleading. Fed. R. Civ. P. 15(a)(1). After
2   that point, Rule 15(a) provides generally that leave to amend the pleadings before trial should be
3   given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied
4   with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir.
5   2003) (quotation omitted). However, leave to amend may be denied where the complaint "could
6   not be saved by any amendment," i.e., "where the amendment would be futile." *Thinket Ink Info.*
7   *Res., Inc. v. Sun Microsystems, Inc*., 368 F.3d 1053, 1061 (9th Cir. 2004).

## III.  DISCUSSION

### A.  Statute of Limitations

Defendants argue that all claims are time-barred. Section 1983 borrows the state statute of limitations for personal injury actions, which is two years pursuant to California Code of Civil Procedure section 335.1. *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd*., 509 F.3d 1020, 1026 (9th Cir. 2007) ("It is well-established that claims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims . . . and in California, that limitations period is two years."). In addition, Lab Defendants argue that California Code of Civil Procedure Section 340.5 governs the statute of limitations period for Brinson's fourth (battery), fifth (negligence), and sixth (negligent, hiring, supervision, and retention) claims against them, which Brinson does not dispute. The statute of limitations under section 340.5 is one year. Brinson's injury occurred on August 28, 2019, but he did not file the complaint until December 7, 2023, more than four years later.

Brinson contends his lawsuit is timely pursuant to California Government Code Section 945.3, which provides that the statute of limitations for civil claims "against a peace officer or the public entity employing a peace officer" is tolled during the pendency of the plaintiff's criminal case where the civil claim is based on the conduct of the peace officer relating to the offense for which the plaintiff is charged. Cal. Gov. Code § 945.3; *see also Harding v. Galceran*, 889 F.2d 906, 907-08 (9th Cir. 1989) (finding that the Cal. Gov. Code § 945.3 tolling provision applies to section 1983 claims). Brinson concedes that he "neglected to augment the allegations regarding the tolling of the statute of limitations" in the SAC and requests leave to amend his complaint to

plead that his claims are not time-barred. Lab Opp'n 1; State Opp'n 1. He attaches exhibits to his opposition briefs to demonstrate that he had a pending criminal case in connection with this incident that was dismissed on December 30, 2021. Lab Opp'n 2, Ex. 3. Brinson argues that leave to amend should be granted with respect to the tolling issue because he has a factual basis for his assertion that tolling applies.

State Defendants do not challenge that the tolling provision in Cal. Gov. Code § 945.3 applies to the claims made against them. They simply argue that the court already ordered Brinson to amend his complaint to add allegations that support his tolling theory, and Brinson failed to do so. State Reply 1. In general, leave to amend should only be denied "where the amendment would be futile." *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). Although Brinson's failure to address this deficiency in the SAC was inexplicably careless and wasteful of judicial and party resources, the court does not find that amendment would be futile. The court grants Brinson's request to amend his complaint, with a warning that he will not be given a further opportunity to properly allege tolling.

With respect to Lab Defendants, the court reaches a different conclusion. Section 945.3 clearly states that it only applies to actions "against a peace officer or the public entity employing a peace officer." Cal. Gov. Code § 945.3. The Ninth Circuit and district courts have interpreted this to mean that claims against federal employees and civilians are not tolled by the statute, because they do not meet the definition of a California "peace officer." *See, e.g., Matthews v. Macanas*, 990 F.2d 467, 469 (9th Cir. 1993) ("[f]ederal criminal investigators and law enforcement officers are not California peace officers . . . [therefore] section 945.3's tolling provision does not apply to federal officials"); *Mitchell v. Culver*, No. 2:15-CV-00058-GEB, 2015 WL 5037398, at *2 (E.D. Cal. Aug. 25, 2015) ("Since the Federal Rangers are not 'peace officers' as prescribed in section 945.3 Plaintiffs' Fourth Amendment claims are barred by the statute of limitations"); *Cox v. Mariposa Cnty.*, No. 119CV01105AWIBAM, 2021 WL 4975361, at *6 (E.D. Cal. Oct. 26, 2021) ("[T]he Court sees no basis for extending Section 945.3 tolling to claims against a civilian . . . regardless of policy considerations or a supposed conspiracy.").

The reasoning in *Peinado v. City & Cnty. of San Francisco*, No. C-11-1799 EMC, 2013

5

1   WL 163473, at *2 (N.D. Cal. Jan. 15, 2013) is persuasive.  In *Peinado*, the plaintiff alleged he was

2   arrested because of a false accusation by a parking control officer for the San Francisco Municipal

3   Transportation Agency.  *Id.*  The court held that a parking control officer was not a peace officer

4   as defined by California law:

> The California Penal Code narrowly and specifically defines a "peace officer."  A parking officer is not included in that definition. . . . Furthermore, the Penal Code requires, at a minimum, that all peace officers satisfactorily complete an introductory course of training prescribed by the Commission on Peace Officer Standards and Training (POST).  Parking control officers are not required to complete POST training, and thus do not fall within the Penal Code's definition of a "peace officer." . . . Thus, section 945.3 does not toll Plaintiff's first cause of action.

*Id.* (citations omitted).

Brinson fails to argue, must less demonstrate, that Lab Defendants are "a peace officer or the public entity employing a peace officer."  *See* Cal. Gov. Code § 945.3.  The tolling statute does not apply to Lab Defendants.  Therefore, Brinson's claims against Lab Defendants are time-barred, and the court grants Lab Defendants' motion to dismiss.  The claims against the Lab Defendants are dismissed with prejudice.

### B.   Claims Against State Defendants

As discussed above, it is possible Brinson will be able to amend his complaint to assert tolling with respect to his claims against the State Defendants.  The court therefore evaluates the merits of State Defendants' other arguments.

State Defendants argue that Brinson's section 1983 claims against the State of California and CHP are barred because the State and its agencies are not "persons" who can be sued under the statute.  Brinson concedes the point.  State Opp'n 1.  The court grants the motion to dismiss as to Defendants State of California and CHP with prejudice.

Next, State Defendants seek dismissal under Rule 12(b)(6) of the constitutional claims against Santiago, arguing that Brinson's allegations fail to state a claim upon which relief may be granted.  Brinson responds that he has sufficiently pleaded those claims.

State Defendants cannot prevail on their Rule 12(b) challenge because they already had the opportunity to raise it but failed to do so before answering the complaint.  State Defendants filed

6

an answer to the FAC on May 3, 2025. [Docket No. 28.] After Brinson filed a SAC, State Defendants ignored their answer and seized the opportunity to file a Rule 12 motion to dismiss. "[A] motion asserting a 12(b) defense must be made *before* filing an answer. . . . '[A]mending a complaint does not automatically revive defenses and objections the defendant ha[s] previously waived.' . . . Thus, a defendant may bring a Rule 12(b) motion objecting to an amended complaint only to the extent the challenges asserted in that motion are based on the new matter in the amended complaint." *Pascal v. Concentra, Inc.,* No. 19-CV-02559-JCS, 2020 WL 4923974, at *2 (N.D. Cal. Aug. 21, 2020) (quoting *Townsend Farms v. Goknur Gida Madderleri Enerji Imalat Ithalat Ihracat Ticaret Ve Sanayi A.S.*, No. SACV150837DOCJCGX, 2016 WL 10570248, at *6 (C.D. Cal. Aug. 17, 2016)). All arguments raised in State Defendants' motion to dismiss the SAC could have been raised before they filed an answer to the FAC. State Defendants have provided no reason or legal support for the ability to file a motion to dismiss after having filed an answer to the same claims. In sum, State Defendants have waived their ability to file a Rule 12(b) challenge to the SAC.

## IV.    CONCLUSION

Lab Defendants' motion to dismiss is granted. Lab Defendants are dismissed from the case with prejudice and judgment is entered in their favor. Lab Defendants' motion to compel discovery is denied as moot.

State Defendants' motion to dismiss is granted. State of California and CHP are dismissed from the case with prejudice. Brinson shall file a third amended complaint against Defendant Santiago by November 4, 2025.

The Case Management Conference currently set for October 29, 2025 is CONTINUED to February 4, 2026 at 1:30 p.m. A joint case management conference statement is due on January 28, 2026.

**IT IS SO ORDERED.**

Dated: October 20, 2025

_____
Donna M. Ryu
Chief Magistrate Judge

7